IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

              Petitioner,                 No. CIV S-07-1843 GEB GGH P

     vs.

WALKER, et al.,

              Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

Introduction

          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 5, 2005, petitioner alleges he was "charged with" (or received a serious rules violation report RVR for) aggravated battery on a peace officer by gassing,[1] at Salinas Valley State Prison (SVSP), and he herein challenges the decision at the subsequent 2005 RVR-115 prison disciplinary hearing wherein he was found guilty of a Division B offense, battery on a peace officer by gassing, for which he was assessed a 150-day time credit loss.  Petition, pp. 5, 28.  Petitioner maintains that he should have been "charged with" the lesser offense of "throwing a caustic substance on a non-inmate."  Id. at 5.  He contends that he was

_____

[1] Petitioner cites Cal. Penal Code § 4501.1.

deprived of his Fourteenth Amendment due process rights, as well as his "civil rights" and "Miranda rights" in being "illegally held in the Ad-Seg unit hole from 5-05-05 to around 6-08-06" and assessed the time credit loss and he seeks restoration of both the time served in Ad Seg and the 150-day credit loss.  Id.

Respondent filed a motion to dismiss the instant petition as barred by the AEDPA statute of limitations, on January 16, 2008.  Petitioner filed an opposition on February 22, 2008, and the court permitted the filing of a supplemental opposition, which was filed on April 25, 2008.  See Order, filed on March 25, 2008 (# 12).

Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent points to the copy of the administrative appeal filed by petitioner challenging the RVR 115 guilty finding on the basis that the fluid that was involved in the

\\\\\

\\\\\

1   incident was water not a bodily fluid.  Motion to Dismiss (MTD), p. 2.[2]  That appeal was dated

2   by petitioner as filed on 5-10-07.  Petition Attachment (Ptn. Att.), p. 19.   Also attached, as

3   respondent observes, is a copy of the inmate/parolee appeal screening form, dated 5-29-07,

4   wherein it is indicated that the appeal was rejected as untimely, as having been submitted beyond

5   the 15-day time limit without a "credible explanation" as to why it could not have been submitted

6   timely.  MTD, p. 2; Ptn. Att., p. 9.  Respondent also notes that petitioner filed a copy of his

7   California Supreme Court petition, stamped as filed on May 11 2006,[3] as well as a copy of

8   summary denial of the petition, filed on May 24, 2006.  MTD, p. 2; Ptn. Att., pp. 11-26.  Because

9   petitioner did not file his federal petition until September 6, 2007, which he signed on September

10  2, 2007, respondent maintains the instant petition was filed beyond the one-year AEDPA statute

11  of limitations.  MTD, p 2.  Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379,

12  2385 (1988), a pro se prisoner filing is dated from the date prisoner delivers it to prison

13  authorities, and the court will afford petitioner the benefit of application of the mailbox rule, and

14  will deem the instant federal petition as filed on the date he signed it, September 2, 2007.

15          Petitioner presents a garbled opposition that is hard to untangle.  In his opposition

16  and supplemental opposition, petitioner identifies the date of the relevant prison disciplinary

17  hearing as 12/31/05.  Opp., p. 9, Supp. Opp., p. 2.  He references a federal habeas petition in the

18  Northern District, Case No. 06-5217 PJH, filed prior to this case, stating that he had to file the

19  instant petition because the judge had failed to "answer my case."  Opp., pp. 2-3.  Petitioner

20  maintains that he challenged the same disciplinary ruling that he challenges herein in the earlier

21  case but that the respondent in that case failed to address that in the answer.  Id. at 2.  Of course,

22  that implicates a separate ground for dismissal of this petition as successive.  Petitioner asks that

23

24          [2] Respondent relies solely on petitioner's exhibits, lodging no documents in support of
    his motion.

25
          [3] Confusingly the state supreme court petition also appears to have been stamped as
26  received on May 12, 2006.

1  the court review the Northern District case, and the undersigned does take judicial notice[4] of

2  Yonai v. Evans, C 06-5217 PJH (PR).   The answer in 06-5217 admits that the May 24, 2006,

3  state supreme court petition exhausted the state court remedies with respect to claims stemming

4  from a 2005 disciplinary hearing (Answer, 06-5217, p. 3), evidently the same petition denial

5  which petitioner submits with his petition herein and on which respondent in the instant case

6  bases the pending motion.   However, the answer in 06-5217 is focused on a different

7  disciplinary conviction, arising from a 2005 classification hearing, where petitioner was found

8  guilty of threatening staff and allegedly lost 970 days of good time credit.  Id. at 1.  According to

9  respondent therein, petitioner received a Rules Violation Report on Jan. 27, 2005 for threatening

10  staff.  Id. at 8.  It may be that petitioner believed he was challenging two prison disciplinary

11  hearings in 2005 in the Northern District petition, but respondent addressed only one, the Jan. 27,

12  2005 RVR, in the answer.  In reviewing documents lodged with the answer in 06-5217, the

13  undersigned observes that petitioner raises the May 5, 2005, RVR-115, addressed in the instant

14  petition, in a habeas petition, filed in the Monterey County Superior Court, dated as signed on

15  May 2, 2006.   Exhibit F to Answer in 06-5217, p. 12.  Also filed in that case is the same state

16  supreme court habeas petition, Case No. S143355, also dated as signed on May 2, 2006, filed in

17  the state supreme court as petitioner filed with the petition herein, as well as the same summary

18  state supreme court denial petitioner attached to his case herein, Case No. S143355.  Exhs. H & I

19  to Answer in 06-5217.   This court's review reveals that petitioner raises both the January 27,

20  2005 and the May 5, 2005 prison disciplinaries (the latter one at issue herein) in the same state

21  supreme court petition.

22          In that case, petitioner filed a motion, on Feb. 22, 2008, complaining that he

23  "never got a full answer for my case no. C 06-5217 claim of due process violations for my

24

25          [4] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
26  F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
(1981).

1    R.V.R. 115 dated 5-5-05 for the "B" offense of battery on a p.o. by gassing....," the precise prison

2    disciplinary challenged herein.   However, in an order, filed by District Judge Phyllis J. Hamilton

3    on June 6, 2008, denying, inter alia, the motion to amend in 06-5217, the Northern District Court

4    states:

5              Petitioner is incorrect that his petition was directed to the May 5,
               2005, RVR as well as the earlier one.  The only RVR identified in
6              the petition is that issued January 27.  The answer thus was
               responsive.  As to the request to amend, amending to add a claim
7              about a different RVR would unnecessarily complicate and delay
               this proceeding, which now is fully briefed on the issue of the
8              constitutionality of the rules conviction for the January 27 RVR.

9    This ruling appears to foreclose the possibility, at least in the judgment of the Northern District,

10   that the instant petition could be successive, but it does not demonstrate that petitioner has filed a

11   timely petition herein, and even petitioner concedes that the instant petition may be untimely

12   because he only filed it because of what he deems an inadequate answer in the Northern District

13   case.  Opp., p. 3.

14         Petitioner argues that he did not receive a final copy of the December 31, 2005,

15   hearing decision until "around June 2006," which, he asserts, means that he could not have

16   gotten his director's level review by September 6, 2006.  Supp. Opp., p. 2.  Petitioner submits,

17   inter alia, an administrative appeal, dated March 2, 2006, which apparently ends with a second

18   level appeal response dated September 27, 2006, but not any director's level response.  Petitioner

19   avers that he could not get a director's level review in the instant action, but nevertheless also

20   contends that the Northern District court case shows exhaustion of administrative remedies.

21   Supp. Opp., p. 1.

22         The relevance of the date of administrative appeals and denials is that §

23   2244(d)(1)(D) sets the limitation period for petitions that challenge administrative decisions as

24   beginning "to run on 'the date on which the factual predicate of the claim or claims presented

25   could have been discovered through the exercise of due diligence.'"  Shelby v. Bartlett, 391 F.3d

26   1061, 1066 (9th Cir. 2004), citing Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  The

1  <u>Shelby</u> Court noted that in <u>Redd</u>, a challenge to a parole board's denial of an administrative

2  appeal, it had found that the statute of limitations began running the day after that petitioner

3  received notice of the Board's decision.  Likewise, the Ninth Circuit applies the same standard in

4  the context of denials of administrative appeals of prison disciplinary actions.  <u>Shelby v. Bartlett</u>,

5  391 F.3d at 1062-1063 (holding "that § 2244's one-year limitation period applies to all habeas

6  petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. §

7  2244(d)(1), even if the petition challenges an administrative decision rather than a state court

8  judgment.")  Respondent's argument in the pending motion, however, rests on petitioner's own

9  showing in the filing of this petition that petitioner filed it more than a year beyond the state

10  supreme court denial of his claims.  Respondent's contention goes to section 2244(d)(2) (MTD,

11  p. 3), which provides that the time during which a properly filed application for State post-

12  conviction or other collateral review with respect to the pertinent judgment or claim is pending

13  shall not be counted toward any period of limitation.   Respondent's contention is predicated on

14  petitioner's having received a state supreme court denial of his state supreme court petition

15  challenging the prison disciplinary action, on May 24, 2006, a decision that was final upon

16  issuance per Cal. R. Ct., Rule 8.532(b)(2)(C) (formerly Rule 29.4), after which the one-year

17  period of limitation expired on May 24, 2007.  MTD, p. 3.

18       However, petitioner has attached to a February 25, 2008, filing in this case, a state

19  supreme court denial, dated February 13, 2008, evidently in an effort to signify that his claims

20  herein were exhausted by that point (long after the filing of the instant petition).  In doing so,

21  petitioner fails altogether to clarify either when he filed the state supreme court petition that

22  resulted in this latest denial, what was challenged in that petition, and how it is remotely relevant

23  to the issues in this petition.  On the other hand, the 2/13/08 state supreme court denial, cites to

24  <u>In re Miller</u>, 17 Cal.2d 734, 735 (1941), a case which stands for the proposition that a petition for

25  writ of habeas corpus based on the same grounds raised in a prior petition will be denied (and

26  implicates a procedural default).  The 2/13/08 denial may well signify that the state supreme

1    court predicated that citation on the basis of the petition that resulted in the May 24th, 2006,

2    denial on which respondent's dismissal motion rests.  Although respondent has not fully clarified

3    that question in failing to file a reply to the opposition or by, as noted, lodging documents in

4    support of the motion, under <u>Redd, supra</u>, the court now finds that the petition is untimely under

5    § 2244(d)(1)(D) and because by application of § 2244(d)(2) even with the court's deeming the

6    federal petition filed as of September 2, 2007, it is untimely, by some 101 days, or by more than

7    three months.   <u>Redd</u> and <u>Shelby</u> support the proposition that the one-year limitation period of

8    AEDPA begins to run following the final administrative, or third level director's review of

9    administrative decisions, or the expiration of the time therefore.  Although petitioner himself

10   contends that he never received a third level decision for the relevant prison disciplinary, once

11   petitioner had filed a state supreme court petition in 2006 in challenging the decision, it is

12   counter-intuitive to find that petitioner was unaware of the factual predicate of his claim or to

13   determine that he would later be able to restart the clock by open-endedly filing an administrative

14   appeal at some point and then filing a state supreme court petition in 2008.  Respondent's motion

15   should be granted.

16           Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

17   dismiss the petition as barred by the statute of limitations, filed on January 16, 2008 (#9), be

18   granted and this case be closed.

19           These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24   shall be served and filed within ten days after service of the objections.  The parties are advised

25   \\\\\

26   \\\\\

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: 07/28/08

4                                                          /s/ Gregory G. Hollows

5                                                          GREGORY G. HOLLOWS
                                                           UNITED STATES MAGISTRATE JUDGE

6   GGH:009
    yona1843.mtd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26